UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH E. THURLOW,<br><br>                Petitioner,<br><br>   v.<br><br>AL RAMIREZ,[1]<br><br>                Respondent. | Case No. 1:15-cv-00223-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Kenneth E. Thurlow ("Petitioner"), challenging Petitioner's state court conviction of first-degree murder. (Dkt. 1.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 2 and 3 of the Petition are subject to dismissal as procedurally defaulted. (Dkt. 21.) Petitioner has elected not to respond to the Motion. (Dkt. 24.) The Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears

---

[1] Respondent Al Ramirez is substituted for Keith Yordy as the warden of the prison in which Petitioner is now confined. *See* Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 11, 23.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The Court previously construed the instant Petition as asserting the following claims:

> Claim 1: That Petitioner was denied the effective assistance of trial counsel, based on (a) trial counsel's lack of resources to hire appropriate expert witnesses or to conduct an appropriate investigation into "witnesses and the facts of this case"; and (b) Petitioner's having been denied the appointment of a second-chair attorney.
>
> Claim 2: That Petitioner's sentence is excessive, in violation of the Due Process Clause of the Fourteenth Amendment, due to the trial court's failure to make "clear findings of fact regarding the crime[] and the individual characteristics of the defendant" as required by Idaho state law.
>
> Claim 3: That Petitioner was denied the effective assistance of trial counsel based on counsel's failure (a) to object to the testimony of a particular witness; (b) to move for a mistrial; (c) to move for a continuance; (d) to move to suppress Petitioner's statements; (e) to call certain witnesses during trial; (e) to correct information in the pre-sentence report; (f) to poll the jury; (g) to inform the court that "only one Juror found that the Petitioner was the person to kill the victim"; and (h) to "inquire if the Petitioner was found guilty by the jury as

                    being an accomplish [sic] before or after the fact of the killing."

    Claim 4:      That Petitioner was denied the effective assistance of counsel based on trial counsel's advice to reject a plea offer for second-degree murder and trial counsel's allegedly incorrect advice as to the statutory maximum sentence.

(Initial Review Order, Dkt. 5, at 2-3 (brackets in original).)

Respondent, having the benefit of the state court record, has construed Claim 1 differently, as the same federal claim Petitioner raised on direct appeal. Respondent describes Claim 1 as asserting that, "in light of trial counsel's alleged lack of financial and time resources, the trial court violated [Petitioner's] right to the effective assistance of counsel" with respect to his request for co-counsel, specifically by failing to analyze the request under the correct legal standards. (Dkt. 21-1 at 9.) Petitioner has not objected to Respondent's construction, and a review of the Petition and Petitioner's direct appeal briefing persuades the Court that Claim 1 was indeed intended to assert trial court error, not attorney error. (*See* State's Lodging B-5.) Therefore, the Court accepts Respondent's construction of Claim 1—that the trial court deprived Petitioner of his Sixth Amendment right to the effective assistance of counsel in denying the request for a second-chair attorney.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 5 at 3.)

**MEMORANDUM DECISION AND ORDER - 3**

Respondent now argues that Claims 2 and 3 are procedurally defaulted. A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Id.* at 161-62. A federal court may not hear the merits of a procedurally-defaulted habeas claim unless the petitioner establishes cause and prejudice, or actual innocence, to excuse the default. *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986).

The Court has independently reviewed the state court record, as well as the relevant case law, and agrees with Respondent that Claims 2 and 3 are procedurally

**MEMORANDUM DECISION AND ORDER - 4**

defaulted. Because Petitioner has not shown that he is excused from the default based on cause and prejudice or actual innocence, those claims are subject to dismissal. Therefore, for the reasons stated in Respondent's brief in support of the Motion for Partial Summary Dismissal (Dkt. 21-1), the Court will grant the Motion and dismiss Claims 2 and 3 with prejudice.[2]

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 20) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 21) is GRANTED. Claims 2 and 3 of the Petition are DISMISSED with prejudice.

3. Respondent must file an answer to the remaining claims (Claims 1 and 4) within 60 days of the date of this Order. Petitioner may file a reply in support of Claims 1 and 4, which must be filed and served within 28 days after service of the answer and brief. Respondent may file a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

---

[2] This Order should not be construed as granting the Motion for Partial Summary Dismissal based on Petitioner's choice not to respond to that Motion. Nor should this Order be construed as granting the Motion pursuant to Local Civil Rule 7.1(e), which provides that the failure to respond to a motion "may be deemed to constitute a consent to the granting" of the motion. Rather, the Court has carefully considered the Motion and concluded that Respondent's procedural default analysis is correct.

**MEMORANDUM DECISION AND ORDER - 5**

4. The parties may agree to extensions of time in this matter and should file a joint stipulation if they so agree, in which case a motion for extension of time is not required.

DATED: July 19, 2019

B. Lynn Winmill
U.S. District Court Judge